THE HONORABLE JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES SHANK,<br><br>                               Plaintiff,<br><br>   v.<br><br>KITSAP COUNTY, a Washington state municipal corporation; RON YINGLING; RANDY CASTEEL; CHRIS ENDRESEN; JON BRAND; BURT FURUTA; and MALCOLM FLEMING,<br><br>                              Defendants. | NO.  C04-5843RJB<br><br>STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY |

## I. STIPULATION

1. Based upon this stipulation, Plaintiff agrees to withdraw Plaintiff's Motion To Allow in Camera Review of Documents

2. On or about May 31, 2005, Plaintiff filed Plaintiff's Motion To Allow in Camera Review of Documents requesting in-camera review of documents "to determine whether the production of the documents…[would] violate RCW 9.73, whether the production of the documents would violate the

STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY -- 1

work-product rule, or whether the documents are not relevant to this case."  The documents subject to the motion, now withdrawn, were part of records provided to Defendants in response to a subpoena duces tecum to David N. Smith, who is a traffic engineer employed by Kitsap County.

3. The Parties acknowledge that originals of the above-described records are being held by David N. Smith and his attorney Clayton Longacre; that Kitsap County has copies of said records obtained pursuant to subpoena duces tecum to David N. Smith; and that Kitsap County on or about June 7, 2005 filed an action against David N. Smith and his attorney Clayton Longacre in Kitsap County Superior Court for, inter alia, return of the originals of said records (Kitsap County Superior Cause No. 05-2-01317-8).

4. For purposes of this Stipulation and Order, the documents which are the subject of the Plaintiff's Motion to Allow in Camera Review of Documents fall into three categories as classified by Defendants:  (1) records of conversations of County citizens and employees electronically recorded by David N. Smith with a device designed to record or transmit such conversations, a printed index of such recordings, and transcriptions prepared by David N. Smith of such recordings; (2) records of an investigation of a whistleblower complaint made by David N. Smith, which was investigated by the Office of the Prosecuting Attorney for the purpose of advising its client Kitsap; and (3) records that Defendants have not disclosed to Plaintiff on the grounds that the records are irrelevant to this action and to Plaintiff's claims and are unlikely to lead to admissible evidence.

5. By June 24, 2005, Defendants will submit a brief to the Court as to (1) the applicability of chapter 9.73 RCW to certain conversations of County employees recorded by David N. Smith with a device designed to record or transmit such conversations, including an index of such recordings, and transcriptions of such recordings prepared by David N. Smith; and (2) whether any or all of the tape-

STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY -- 2

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083

recorded conversations are subject to Plaintiff's request for discovery. To assist the Court, Defendants will submit transcribed excerpts of the recordings for the Court's in camera review at the time Defendants submit their brief as described in this paragraph. Plaintiff may submit a responsive brief on June 30, 2005 and Defendants may submit a reply brief on July 8, 2005. After consideration of the matter, the Court may issue an order on whether discovery of the records described in this paragraph will be allowed.

6. In addition to the briefing described in Paragraph 5, the parties, upon the schedule set forth above, the applicability of the attorney-work-product privilege to the whistleblower investigation conducted by the Office of the Kitsap County Prosecuting Attorney. To assist the Court, Defendants shall submit a copy of the whistleblower- investigation report and witness statements for the Court's in camera review at the time Defendants submit their brief as described in this paragraph. After consideration of the matter, the Court may issue an order on whether discovery of the records described in this paragraph will be allowed.

7. The parties have reached agreement as to documents that Defendants contend are not relevant to this action, and these documents at this time will not be subject to either in-camera review or briefing by the parties. The parties agree that Kitsap County shall request that David N. Smith review the documents identified as irrelevant to this action as soon as practicable after Mr. Smith retains counsel in the state-court matter.

8. Plaintiff withdraws his subpoena duces tecum directed to David N. Smith and Clayton Longacre dated January 24, 2005, and within two (2) days of the issuance of the Court's Order in this Stipulation and Order, Plaintiff's counsel will notify Mr. Smith and Mr. Longacre that the subpoena duces tecum has been withdrawn.

STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY -- 3

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083

9. If this litigation proceeds to trial, nothing contained in this Stipulation and Order affects in any way or to any degree the admissibility or non-admissibility of any discovery material or information disclosed under the terms of this Stipulation and Order or in the Court's subsequent Orders on whether the discovery of records described in Paragraphs 5 and 6 will be allowed.

10. Nothing in this Order shall infringe upon the right of any party to object to providing information which is subject to the attorney-client privilege, or which is non-discoverable on any other legitimate ground.

Stipulated to this 13th day of June, 2005 by:

>RUSSELL D. HAUGE
>Kitsap County Prosecuting Attorney
>
>s/
>JACQUELYN M. AUFDERHEIDE, WSBA #17374
>Senior Deputy Prosecuting Attorney
>Attorneys for Plaintiff Kitsap County
>614 Division Street, MS-35A
>Port Orchard, WA 98366
>Phone: 360-337-4973
>Fax:    360-337-7083
>E-mail: jaufderh@co.kitsap.wa.us

Stipulated to this 13th day of June, 2005 by:

>Law Office of Randy W. Loun
>
> s/
>RANDY LOUN, WSBA # 14669
>Attorney for Plaintiff
>The Law Office of Randy Loun
>509 Fourth St., Ste. 6
>Bremerton, WA 98337
>Phone (360) 377-7678
>Fax (360) 792-1913

STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY -- 4

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083

## II. ORDER

BASED UPON THE FOREGOING STIPULATION, the Court orders the following:

(1) By June 24, 2005, the Defendants shall submit briefing to the Court regarding the following

  A) The applicability of chapter 9.73 RCW to certain conversations of County employees recorded by David N. Smith with a device designed to record or transmit such conversations, including an index of such recordings, and transcriptions of such recordings prepared by David N. Smith; and whether any or all of the tape-recorded conversations are subject to Plaintiff's request for discovery. To assist the Court, Defendants shall submit transcribed excerpts of the recordings for the Court's in camera review at the time Defendants submit their brief. After consideration of the matter, the Court may issue an order on whether discovery of the records described in this subparagraph will be allowed.

  (B) The applicability of the attorney-work-product privilege to the whistleblower investigation conducted by the Office of the Kitsap County Prosecuting Attorney. To assist the Court, Defendants shall submit a copy of the whistleblower-investigation report and witness statements for the Court's in-camera review at the time Defendants submit their brief.

(2) Plaintiff may submit a responsive brief on June 30, 2005 and Defendants may submit a reply brief on July 8, 2005. After consideration of the matter, the Court may issue an order on whether discovery of the records described in subparagraph 1 of this Order will be allowed.

(3) Within two (2) business days of the issuance of this Order, Plaintiff's counsel shall notify Mr. Smith and Mr. Longacre that the Plaintiff's subpoena duces tecum to David N. Smith and Clayton Longacre dated January 24, 2005 has been withdrawn.

(4) If this litigation proceeds to trial, nothing contained in this Stipulation and Order shall affect in any way or to any degree the admissibility or non-admissibility of any discovery material or information disclosed under the terms of this Stipulation and Order or in the Court's subsequent Orders on whether the discovery of records described in Paragraph 1 of this Order will be allowed.

(5) Nothing in this Order shall infringe upon the right of any party to object to providing information which is subject to the attorney-client privilege, or which is non-discoverable on any other legitimate ground.

STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY -- 5

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083

1  Dated this 14th day of June, 2005 by:

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

STIPULATION AND ORDER REGARDING CERTAIN DISCOVERY -- 6