UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES SHANK,<br><br>                Plaintiff,<br><br>  v.<br><br>KITSAP COUNTY, A Washington State Municipal Corporation; RON YINGLING; RANDY CASTEEL; CHRIS ENDRESEN; JON BRAND; BURT FURUTA; and MALCOLM FLEMING,<br><br>                Defendants. | CASE NO. C04-5843RJB<br><br>ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR SANCTIONS |

This matter comes before the Court on the Defendants' Motion for Sanctions for Plaintiffs Violation of Court Order and for Withholding Discovery. Dkt. 40. The Court is familiar with the records and files herein, and all documents filed in support of and in opposition to the motion. For the reasons stated herein, the motion should be granted, in part.

I.    **FACTS AND PROCEDURAL HISTORY**

This 42 U.S.C. § 1983 matter arises out of Plaintiff's employment with Defendant Kitsap County. On February 22, 2005, Defendants served Plaintiff with Defendant Randy Casteel's Interrogatories and Requests for Production of Documents and Things Directed to Plaintiff and Defendant Jon Brand's Interrogatories and Requests for Production of Documents and Things Directed to Plaintiff ("interrogatories"). Dkt. 30. The interrogatories define "Documents," in part, as "electronic recordings" and "tape recordings." Dkt. 42-2, at 3. Plaintiff was required to provide answers and documents related to discovery by March 24, 2005. Plaintiff failed to provide the requested discovery. Dkt. 41. On May 31, 2005, Plaintiff filed a Motion to Allow In Camera Review

ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR SANCTIONS- 1

of Documents. Dkt. 28. Plaintiff failed to provide the Court with the documents or in any manner identify on what he sought *in camera* review. *Id.* On June 2, 2005, Defendants filed a Motion to Compel Discovery. Dkt. 29.

On June 14, 2005, this Court entered a stipulated order in which Plaintiff agreed to dismiss his motion for *in camera* review. Dkt. 32, at 1. The stipulated order indicates that the documents at issue in the *in camera* review, include, in part, electronic recordings made by David N. Smith. Dkt. 32, at 2. Defendants additionally agreed to file a brief regarding: "1) the applicability of chapter 9.73 RCW to certain conversations of County employees recorded by David N. Smith with a device designed to record or transmit such conversations . . . 2) whether any of all of the tape-recorded conversations are subject to Plaintiff's request for discovery" by June 24, 2005. *Id.* at 2-3. Plaintiff's Response was due on June 30, 2005 and Defendants' Reply was due on July 8, 2005. *Id.* In a June 29, 2005 discovery conference between the Court and counsel, the Court deferred ruling on the issues related to Dave Smith's electronic recordings until after Dave Smith's deposition. Dkt. 43, at 3. No further action has been taken by either party on those issues.

On June 20, 2005, this Court granted Defendants' Motion to Compel Discovery and ordered sanctions. Dkt. 35. The Order re: Motion to Compel Discovery and for Award of Attorney Fees and Sanctions ("Order Compelling Discovery") provides:

1. Within two business days from the date of this Order, Plaintiff shall deliver, without objection, answers and documents responsive to Defendants Randy Casteel's, Chris Endersen's, Jon Brand's, and Malcolm Fleming's Interrogatories and Requests for Production of Documents and Things Directed to Plaintiff; and

2. Within two business days from the date of this Order, Plaintiff shall pay Defendants' attorney's fees in the amount of $270.00 and sanctions in the amount of $300.00 for Plaintiff's failure to make discovery in accordance with the Civil Rules.

Dkt. 35. On June 21, 2005, Plaintiff submitted answers to Defendants' interrogatories. On June 22, 2005 Plaintiff paid the sanctions. Dkt. 36. On June 30 and July 13, 2005 Plaintiff was deposed. Dkt. 41, at 3. During the July 13, 2005 deposition, Plaintiff revealed that he had tape and electronic recordings, which had not been produced, that were within the scope of Defendants' discovery requests. Dkt. 41-4. According to Plaintiff, most of the recordings at issue were downloaded onto

his computer. Dkt. 42, at 1. One of the recordings was on a cassette tape. *Id.* Plaintiff's counsel contends Plaintiff mistakenly told him the recording was on a mirco-cassette. *Id.*

Plaintiff delivered four electronic recordings to Defendants on July 19 and 20, 2005. Dkt. 43, at 2. Plaintiff delivered a cassette tape to Defendants on August 16, 2005. *Id.*

Defendants have exhausted the seven hours allowed for depositions under Fed. R. Civ. Proc. 30(d)(2) as to Plaintiff. Dkt. 43, at 2. The discovery deadline in this case is September 25, 2005 and trial is set for January 23, 2006. Dkt. 27.

Pursuant to Fed. R. Civ. Proc. 37, Defendants move for either a dismissal of three of Plaintiff's claims (failure to receive a pay raise, hostile work environment, and failure to receive a promotion) or an order prohibiting Plaintiff from "introducing into evidence at trial the recordings and any statements made by the persons who were recorded." Dkt. 40. Defendants argue sanctions are appropriate because Plaintiff's failure to comply with this Court's order compelling discovery was willful, wanton and done in bad faith. *Id.* Moreover, Defendants argue that by withholding the recordings until after Plaintiff's deposition, they have been unfairly prejudiced. *Id.* Defendants argue that Plaintiff's Motion for *in camera* review of David Smith's recordings further evidences Plaintiff's withholding the recordings was willful, wanton, and in bad faith, because he was in possession of the recordings. *Id.* Lastly, Defendants argue that these sanctions are warranted because lesser sanctions were applied to no avail. *Id.*

Plaintiff opposes the motion in his Response filed on August 15, 2005. Dkt. 42. In his pleading, he claims that a majority of the recordings were downloaded onto his computer and have now been provided to the Defendants. *Id.* at 1. He argues that there is only one remaining tape to be turned over, a cassette recording made by David Smith. *Id.* Plaintiff argues his delay in producing the cassette tape was inadvertent and a resulted from a misunderstanding between himself and his counsel. *Id.* at 2. Plaintiff's counsel states that Plaintiff told him the recording was on a micro-cassette, when, in fact, the recording was on a regular cassette. Dkt. 42-2, at 2. Plaintiff also argues that Defendants are fully aware of the contents of the tape. Dkt. 42, at 1.

Defendants point out in their Reply that they seek sanctions not only for the tape that remained to be turned over as of August 15, but for Plaintiff's failure to turn over any of the tapes

ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR SANCTIONS- 3

until after his deposition in violation of the Order Compelling Discovery. Dkt. 43.

## II. DISCUSSION

Rule 37(b)(2) provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> **(A)** An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Defendants move to dismiss three of Plaintiff's claims as a result of his failure to comply with the order compelling discovery. Where the drastic sanctions of dismissal or default are imposed pursuant to Rule 37, the losing party's noncompliance must be due to willfulness, fault, or bad faith. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004)(*internal citations omitted*). In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, five factors are considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." *Id.* Because this Court's Order Compelling Discovery was violated, whether terminating sanctions are appropriate turns on the third and fifth factors. *See Id.*

The third factor, the risk of prejudice to Defendants weighs slightly in favor of Defendants. The risk of prejudice to Defendants is moderate. While Defendants no longer have the opportunity to depose Plaintiff regarding the information on the tapes (without a court order), the discovery deadline is still one month away. Defendants now have knowledge of the content of the tapes and can depose relevant witnesses. Further, in light of Plaintiff's failure to turn over the recordings, the Court would entertain a motion to allow additional depositions, including one of Plaintiff. Keeping in mind that "belated compliance with discovery orders does not preclude the imposition of sanctions," *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997), and that "[l]ast minute tender of documents does not cure the prejudice to opponents," *Id.*, sanctions of some sort are appropriate. This opinion will address Defendants' alternative motion to exclude the tapes from evidence while addressing the fifth factor.

The fifth factor, whether less drastic sanctions than dismissal of the claims are available, favors the Plaintiff. Rather than dismissing the three claims, as Defendants propose, the more just result for Plaintiff's failure to comply with the discovery request and Order Compelling Discovery is to exclude the tapes from evidence at trial pursuant to Rule 37(b)(2)(B). Plaintiff repeatedly states his failure to turn over the recordings was not intentional. Dkt. 42.

In considering sanctions less severe than the drastic sanctions of dismissal or default, two factors are considered. "First, any sanction must be just; second, the sanction must be specifically related to the particular claim which was at issue in the order to provide discovery." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001)(*internal citations omitted*).

Excluding the tapes from evidence would be a just result. In explanation as to why the recordings were not turned over in compliance with the Order Compelling Discovery, Plaintiff argues the recordings were on his computer and not in a format easily copied, and that there was a misunderstanding between he and his counsel regarding the type of tape for one of the recordings. Dkt. 42-2, at 1-2. This is a wholly unacceptable basis for failing to comply with discovery requests and orders compelling discovery. Much of present day discovery is contained on computers. It is both parties' duty to comply with the rules of discovery and court orders despite technical difficulties. More concerning, however, was the fact that the recordings were not disclosed or turned over until

after Plaintiff's last deposition. Plaintiff's last minute compliance does not ameliorate prejudice to Defendants. Moreover, precluding the recordings from evidence is specifically related to the particular claim which was at issue in the order to provide discovery. *Navellier* at 947. Parties contend the recordings at issue relate to the three claims Defendants move to dismiss above. Dkts. 41, 42, and 43. The Order Compelling Discovery dealt with discovery related to those claims. Dkt. 35. The recordings should be excluded from trial. Defendants make no motion for attorneys fees or expenses, so none should be ordered at this time.

### III.  ORDER

Therefore it is:

**ORDERED** that Defendants' Motion for Sanctions for Plaintiff's Violation of Court Order and for Withholding Discovery (Dkt. 40) is **GRANTED IN PART**. The recordings Plaintiff failed to turn over to Defendants by June 22, 2005 are excluded from Plaintiff's case in chief.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of August, 2005

*Robert J. Bryan*
Robert J. Bryan
United States District Judge