1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES SHANK,

          Plaintiff,

        v.

RANDY CASTEEL; CHRIS ENDRESEN;
JON BRAND; and MALCOLM FLEMING,

          Defendants.

Case No.  C04-5843RJB

ORDER DENYING PLAINTIFF'S
MOTION TO ISSUE A NEW
SCHEDULING ORDER OR TO
STRIKE ALL OF DEFENDANTS'
AFFIRMATIVE DEFENSES AND
EXTENDING SETTLEMENT
AND MEDIATION DEADLINES

18

19

20

     This matter comes before the court on Plaintiff's Motion to Issue a New Scheduling Order or to Strike All of Defendants' Affirmative Defenses (Dkt. 57). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

21

## I. FACTUAL AND PROCEDURAL BACKGROUND

22

23

24

25

26

     Mr. Shank's amended complaint alleges that he is entitled to punitive and other damages under 42. U.S.C. §§ 1983, 1988 for violations of his rights under the First, Fifth, and Fourteenth Amendments; that the defendants violated his rights under RCW 42.41.010; and that the defendants are liable for intentional infliction of emotional distress. Dkt. 21. The defendants filed a motion to dismiss, and the court granted the motion in part and denied the motion in part. Dkt. 24. The plaintiff's claims

27

28

1  brought under RCW 42.41.010 and his claim for emotional distress were dismissed, as were defendants

2  Kitsap County and Messrs. Furuta and Yingling. Dkt. 24.

3       The parties conferred and agreed that the plaintiff would file a second amended complaint to

4  reflect the order dismissing certain claims and defendants and that the defendants would wait and

5  answer only the second amended complaint. Dkt. 66 at 2. On September 29, 2005, the plaintiff filed a

6  second amended complaint. Dkt. 54. The plaintiff did not seek leave from the court and did not indicate

7  that the parties had stipulated to the filing of a second amended complaint. *See id.* Counsel for the

8  defendants did not review or stipulate to the second amended complaint filed with the court. Dkt. 66 at

9  4. The court held that the filing did not comply with Federal Rule 15(a) and that the document would

10  remain in the electronic file but would not be considered by the court, would not require an answer from

11  the defendants, and would not supercede the first amended complaint. Dkt. 55.

12       The parties again conferred. While counsel for the defendants was amenable to stipulating to a

13  second amended complaint, the parties agreed that the defendants would answer the first amended

14  complaint and that the plaintiff would not file another amended complaint. Dkt. 66 at 5.

15       The discovery deadline was initially scheduled for September 25 but was reset for October 25,

16  upon the plaintiff's unopposed motion. *See* Dkt. 27, 47, 52, 53. During this one month extension, it

17  appears that counsel for the plaintiff made one discovery attempt; he contacted counsel for the

18  defendants one day before the new cutoff date and asked to dispose David Smith and the defendants.

19  Dkt. 66 at 5. Counsel for the defendants refused to participate in discovery after the deadline without

20  leave of the court and indicated that the defendants were unlikely to agree to another extension of the

21  discovery deadline. *Id.* This appears to be the only discovery attempt made by plaintiff's counsel since

22  April 22, 2005. Dkt. 66 at 6. The answer to the amended complaint was filed on October 26, 2005, the

23  day after the extended discovery deadline. Dkt. 56.

24       The answer to the amended complaint states several affirmative defenses, which may be

25  summarized as follows: (1) failure to state a claim upon which relief may be granted; (2) contributory

26  fault by third parties; (3) immunity; (4) contributory fault by the plaintiff; (5) failure to mitigate; (6)

27  statute of limitations; (7) lack of causation; (8) misjoinder; (9) frivolousness of the action; (10) lack of

28

ORDER DENYING PLAINTIFF'S MOTION TO ISSUE A NEW SCHEDULING ORDER OR TO STRIKE
ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES AND EXTENDING SETTLEMENT AND
MEDIATION DEADLINES
Page - 2

1   liability under § 1983 under *respondeat superior*; (11) privilege; (12) unfounded and non-meritorious

2   action entitling the defendants to attorney's fees under 42 U.S.C. §§ 1983, 1988; (13) malicious

3   prosecution; (14) failure to exhaust remedies; (15) lawful and faithful discharge of duties; (16) waiver;

4   and (17) estoppel. Dkt. 56.

5       The plaintiff now moves the court to issue a new scheduling order or in the alternative, to strike

6   the defendants' affirmative defenses. Dkt. 57. The parties have also stipulated to an order continuing

7   mediation under Local Rule CR 39.1 until after the parties have filed dispositive motions and papers in

8   support of and in opposition to such motions, subject to the court's ruling on the motion for a new

9   scheduling order. Dkt. 58.

## II. DISCUSSION

### A. NEW SCHEDULING ORDER

12      The grounds upon which Mr. Shank appears to move for a new scheduling order or for the

13   striking of the defendants' affirmative defenses is the "plaintiff's inability to engage in discovery

14   regarding these complaints." Dkt. 57 at 1. The defendants oppose the motion, contending that any delay

15   in notifying the plaintiff of the affirmative defenses was either caused or agreed to by the plaintiff. Dkt.

16   65 at 2. They further contend that having "expended considerable time, effort, and expense to prepare

17   their case," they would be prejudiced by a continuance. Dkt. 65 at 5.

18      While it is true that the defendants have asserted numerous affirmative defenses, this does not

19   justify a continuance of the case. The affirmative defenses are all grounded upon aspects of a case that

20   any reasonable attorney should anticipate and prepare for before even filing a complaint. A reasonably

21   prudent attorney would make these possible defenses the subject of discovery without waiting for

22   opposing counsel to flag the issues. The failure to conduct discovery on these issues cannot be fairly

23   attributed to a delayed filing of the answer. Furthermore, the delay in the filing of the answer was

24   agreed to by the parties.

### B. CONTINUATION OF SETTLEMENT AND MEDIATION DEADLINES

26      The parties have stipulated to an extension of the deadlines for holding a settlement conference

27   and mediation. Dkt. 58. The parties apparently seek to extend the settlement conference deadline, which

28

ORDER DENYING PLAINTIFF'S MOTION TO ISSUE A NEW SCHEDULING ORDER OR TO STRIKE
ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES AND EXTENDING SETTLEMENT AND
MEDIATION DEADLINES
Page - 3

is currently November 24, 2005, to January 4, 2006. Dkt. 58 at 2 (originally listed as January 4, 2004). They also seek to extend the deadline for holding mediation, which is currently set for December 24, 2005, to January 11, 2006. Dkt. 27 (originally listed as January 11, 2005). In order to facilitate further efforts to resolve this case, the court should grant the motion and extend the deadlines for holding a settlement conference and mediation.

## III. ORDER

Therefore it is hereby

**ORDERED** that Plaintiff's Motion to Issue a New Scheduling Order or to Strike All of Defendants' Affirmative Defenses (Dkt.57) is **DENIED**. The deadline for holding a settlement conference shall be extended to January 4, 2006. The deadline for holding mediation shall be January 11, 2006. The deadline for filing a letter of compliance as to CR 39.1 shall be January 13, 2006. The other deadlines set forth in the court's Minute Order Setting Trial, Pretrial Dates and Ordering Mediation (Dkt. 27) as modified by court order (Dkt. 53) shall remain in full force and effect.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 12th day of December, 2005.

Robert J. Bryan
United States. District Judge

ORDER DENYING PLAINTIFF'S MOTION TO ISSUE A NEW SCHEDULING ORDER OR TO STRIKE ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES AND EXTENDING SETTLEMENT AND MEDIATION DEADLINES
Page - 4