UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES SHANK,<br><br>        Plaintiff,<br><br>  v.<br><br>RANDY CASTEEL; CHRIS ENDRESEN; JON BRAND; and MALCOLM FLEMING,<br><br>        Defendants. | Case No. C04-5843RJB<br><br>ORDER ON DEFENDANTS' MOTIONS *IN LIMINE* |

This matter comes before the Court on Defendants' Motions *in Limine* (Dkt. 67). The court is familiar with the records and files herein and documents filed in support of and in opposition to the Motion.

First, a few words about motions *in limine*: It is difficult to accurately rule on evidentiary matters before trial, when the whole picture of the case is before the court. It should be understood that the denial of motion *in limine* does not necessarily mean that the evidence in question is admissible. Often, evidence excluded by a motion *in limine* is later determined to be admissible because of the events of the trial (such as when a subject matter is opened up by the opposition or after an offer of proof). Nevertheless, the court will try to make accurate rulings on the motions presented:

   A.   <u>Defendants Move to Exclude Evidence That Plaintiff Was Removed from His Transportation Planner Position in Retaliation of His Speech Endorsing Bridges.</u> This motion should be DENIED. It is impossible for the court to determine, from the information presented, just where the line will be drawn at trial in regard to what occurrences before 10 October 2001 are relevant.

B. <u>Defendants Move to Exclude Evidence of Allegations of Retaliation Made by Employees Other than Plaintiff.</u>  It appears that this motion should be GRANTED, <u>except</u> insofar as there may be specific testimony, not speculative or opinion, that co-workers of Mr. Shank were retaliated against by defendants because of their association with Mr. Shank.  From the parties' pleadings, it appears unlikely that plaintiff will have such evidence available to present, but if he has such evidence, he should have the opportunity to present it.

C. <u>Defendants Move to Exclude Testimony of Witnesses Who Have No Personal Knowledge Concerning Plaintiff's Allegations That He Was Denied a Promotion, He Was Denied a Wage Increase and He Was Subjected to Harassment.</u>  The court cannot fairly and accurately rule on this motion in advance of trial.  Suffice it to say that the Rules of Evidence apply, and evidence under those rules is limited to those with personal information that is relevant to an issue in the case and otherwise is admissible.  Plaintiff, in preparing the pretrial order, should limit his potential witnesses to such individuals.  It is highly unlikely that each of the 52 people listed in plaintiff's motion possess such evidence.  Accordingly, this motion should be DENIED without prejudice.

D. <u>Defendants Move to Exclude Evidence Presented in Connection with Expert Christopher T. Mutcher.</u>  For the reasons stated by defendants, this motion should be GRANTED.

**IT IS SO ORDERED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of January, 2006.

Robert J. Bryan
United States District Judge